**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **JAJUAN N.,** | ) | |
| | ) | **No. 19 C 7961** |
| **Plaintiff,** | ) | |
| | ) | **Magistrate Judge M. David Weisman** |
| **v.** | ) | |
| | ) | |
| **ANDREW SAUL,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Jajuan N. appeals the Commissioner's decision denying his application for Social Security benefits. For the reasons set forth below, the Court reverses the Commissioner's decision.

**Background**

On June 17, 2016, plaintiff filed an application for benefits alleging a disability onset date of August 1, 2011. (R. 56.) His application was denied initially, on reconsideration, and after a hearing. (R. 18-27, 69, 83.) The Appeals Council declined review (R. 1-3), leaving the ALJ's decision as the final decision of the Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous,

it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002) (citation omitted).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a). The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform his past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. 20 C.F.R. § 404.1560(c)(2); *Zurawski*, 245 F.3d at 886. If that burden is met, at step five, the burden shifts to the Commissioner to establish that the claimant is capable of performing work existing in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the date of his application. (R. 20.) At step two, the ALJ determined that plaintiff has the severe impairments of "status post gunshot wounds to the abdomen and left lower extremity." (*Id.*) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (R. 22.) At step four, the ALJ found that plaintiff has no past relevant work but has the RFC to perform

2

sedentary work "except that he can lift and carry 20 pounds occasionally and 10 pounds frequently[,] . . . can be on his feet standing/walking about 2 hours in an 8-hour workday and sit about 6 hours, with normal rest periods[, and] needs a cane to ambulate." (R. 22, 26.) At step five, the ALJ found that there are jobs in significant numbers in the national economy that plaintiff could perform, and thus he is not disabled. (R. 26-27.)

Plaintiff contends the RFC is faulty because it does not state that he needs a cane for balance, explain how he can lift 20 pounds with only one arm, allow him to elevate his legs, or accommodate his pain. The first contention has no merit because the RFC expressly contemplates that plaintiff will use a cane. (R. 22.) The fact that the ALJ did not say the cane was necessary for balance is irrelevant.

The only evidentiary support for the second contention, that plaintiff cannot occasionally lift twenty 20 pounds with one arm, are generic notations in reports of daily functions that his impairments "affect [l]ifting." (R. 207, 220.) But neither plaintiff nor any doctor said that plaintiff cannot occasionally lift twenty pounds, and the agency reviewers, whose opinions the ALJ credited, said that he could. (R. 25, 65, 79; *see* R. 465 (consultative examiner stating that plaintiff can "grasp, finger and manipulate with his hands without difficulty").)

The third contention, however, has merit. The record shows that plaintiff was repeatedly told to elevate his left foot, and he testified that he spends the day doing so. (R. 47, 302, 310, 312, 319, 325, 327, 337, 339, 583.) The ALJ acknowledged plaintiff's testimony (R. 23), but did not say the extent to which he credited or discredited it, said nothing about the medical evidence regarding elevation, and did not include an elevation requirement in the hypotheticals he posed to the vocational expert. (R. 23, 50-53.) That was error. *See Steele v. Barnhart*, 290 F.3d 936, 942 (7th Cir. 2002) ("Hypothetical questions posed to vocational experts ordinarily must include *all*

limitations supported by medical evidence in the record.") (emphasis in original); *see also Schmidt v. Astrue*, 496 F.3d 833, 846 (7th Cir. 2007) ("[T]he ALJ is required . . . to incorporate into his hypotheticals those impairments and limitations that he accepts as credible.").  The defendant acknowledges the deficiency in the ALJ's opinion, but simply argues  "[a]lthough the ALJ did not elaborate on the plaintiff's alleged need to elevate  his legs, he was not required to specify each statement he found reliable or not reliable."  (Resp. Br., ECF 18 at 6.)  Yet, the plaintiff's need to elevate his left foot throughout the day might reasonably impact his ability to secure employment. Because the ALJ did not ask the VE whether jobs existed that plaintiff could perform with his leg elevated, that error is not harmless.  Accordingly, the case must be remanded for reassessment of the RFC.

## Conclusion

For the reasons stated above, the Court reverses the ALJ's decision, and in accordance with the fourth sentence of 42 U.S.C. § 405(g), remands this case for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**                                    **ENTERED:  September 10, 2020**

**M. David Weisman**
**United States Magistrate Judge**